# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIE F. BROWN and PEZ | : | CIVIL ACTION NO. |
| MANUFACTURING CORP., | : | 3:10-CV-449 (JCH) |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| KOCH MASCHINENBAU GMBH, ET | : | OCTOBER 26, 2010 |
| AL., | : | |
|     Defendants. | : | |

## RULING RE: DEFENDANTS' MOTION TO STRIKE AND/OR MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 34)

## I.    INTRODUCTION

Plaintiff Martie F. Brown ("Brown"), brings this action against defendants Koch Maschinenbau GMBH ("Koch"), H&B Forder-Und Modultechnik GMBH ("H&B Forder"), and Action Packaging Automation, Inc. ("Action Packaging"), for damages resulting from an on-the-job injury at a factory.  Brown's claims are pursuant to the Connecticut Products Liability Act ("the CPLA"), Conn. Gen. Stat. § 52-572m et seq.  Plaintiff Pez Manufacturing Corp., Brown's employer, intervened as a co-plaintiff.

Koch filed a cross-claim, which asserts two claims against H&B Forder and Action Packaging each, seeking, inter alia, indemnification in the event that plaintiff's claims are successful.  Action Packaging moves this court to dismiss Koch's cross-claims for failure to state viable claims or, alternatively, moves for a more definite statement.[1]

---

[1] Plaintiff errantly characterized this as a motion to strike pursuant to Fed. R. Civ. P. 12(f)(2). However, the Motion is more appropriately analyzed under Fed. R. Civ. P. 12(b)(6), as a motion to dismiss, and the court treats it as such, having received no objections from the parties. See Doc. No. 59.

For the following reasons, the court grants Action Packaging's Motion and dismisses Koch's cross-claims for failure to state claims upon which relief might be granted.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the cross-claim as true and construes them in a manner favorable to the claimant.  See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).  The court must draw all reasonable inferences in the nonmoving party's favor.  See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

The court begins its analysis by "'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.'"  Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Next, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement of relief.'"  Hayden, 594 F.3d at 161 (quoting Iqbal, 129 S. Ct. at 1950) .  The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S. Ct. at 1949.

## III. DISCUSSION

### A. Koch's First Cross-Claim

Action Packaging seeks to dismiss Koch's first cross-claim on the grounds that it lacks a factual basis to state a claim. Further, Action Packaging argues that Connecticut law does not permit cross-claims for indemnification in a CPLA lawsuit. The court agrees.

Koch's first cross-claim is wholly conclusory and lacks any factual allegations which would give rise to a plausible cause of action. See Hayden, 594 F.3d at 161. Koch's claim states that,

> If the plaintiff sustained injuries . . . then same were caused as a result of the acts and conduct, negligence, carelessness or want of care, on the part of the co-defendants, [H&B Forder] and Action Packaging . . . . If plaintiff recovers a judgment against [Koch], . . . [Koch] will be entitled to be indemnified therefor, in whole or in part, by the co-defendants . . . .

Def.'s Answer to Am. Compl. ¶¶ 73-74 (Doc. No. 29). Nowhere does Koch plead what actions its co-defendants took or failed to take which might have resulted in Brown's injuries. Koch, instead, pleads only the elements of a common law indemnification claim. This recitation fails to support a plausible cause of action. See Iqbal, 129 S. Ct. at 1949; Harris, 572 F.3d at 72.

Action Packaging also correctly argues that, in this context, the common law indemnification action has been abrogated by the CPLA. See Kyrtatas v. Stop & Shop, Inc., 205 Conn. 694, 702 (1988). While the Connecticut Supreme Court issued another decision the year following its decision in Kyrtatas that permitted a defendant to seek indemnification in an impleader/third-party action, see Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198-99 (1989), the Malerba Court retained the Kyrtatas holding for

3

procedurally similar cases, id. at 198 n.9.

Examining the procedural differences between the cases, it appears that

Kyrtatas prohibits cross-claims for indemnification between co-defendants in products

liability cases, whereas Malerba permits indemnification actions against impleaded

third-party defendants.[2]  The court does not find this procedural line arbitrary.  The

common law indemnification action requires a comparative analysis of the negligence of

each co-defendant.  See ATC P'ship v. Coats N. Am. Consol., Inc., 284 Conn. 537, 551

(2007) (holding that, in order to succeed on an indemnification claim, the claimant must

establish that its joint tortfeasor's "active negligence is primarily responsible for

plaintiff's injuries, thus superseding the indemnitee's passive negligence").  The CPLA

similarly requires the jury to apportion responsibility amongst the various defendants.

See Conn. Gen. Stat. § 52-572o(c) ("[T]he trier of fact shall consider, on a comparative

basis, both the nature and quality of the conduct of the party.").  The statutory

provisions, therefore, would appear to displace common law indemnification cross-

---

[2] There is a split within the Connecticut superior courts as to whether Kyrtatas continues to have any relevance after Malerba.  "A majority of the lower court decisions follow Kyrtatas [rejecting indemnification cross-claims] when the defendants in a case are first-party defendants."  Mateo v. Pereira, No. CV075012193S, 2009 WL 2962380, at *3 (Conn. Super. Ct. Aug. 13, 2009) (collecting cases). However, a number of superior courts find that, "by its language, both explicit and implicit, Malerba purports to sanction cross-complaints for indemnity," making it irreconcilable with Kyrtatas.  Rotono v. Access Indus., Inc., No. CV 980582619S, 2000 WL 151231, at *2 (Conn. Super. Ct. Jan. 20, 2000).
In Malerba, the Connecticut Supreme Court declared that "common law indemnification continues as a viable cause of action in the context of product liability claims."  210 Conn. at 198.  No mention was made of the relevance of a procedural distinction between a cross-claim and an impleaded claim. However, the Court concluded its analysis in Malerba by suggesting that Kyrtatas has continued vitality. See id. at 198 n.9 ("We note that our holding in [Kyrtatas] was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case.").  In this court's view, this footnote prohibits too broad a reading of Malerba and requires a court faced with a case procedurally similar to Kyrtatas to reject an indemnification cross-claim.

claims, by providing a process for allocating blame within the lawsuit.[3]  See Kyrtatas,

205 Conn. at 700.  However, in cases where a third party has been impleaded by a

defendant, the share of blame by the third-party defendant will not be resolved by the

CPLA's procedural structure, and the consolidation of the actions could work to

promote judicial efficiency.  See Malerba, 210 Conn. at 195.

This case is procedurally identical to Kyrtatas—the defendants are co-

defendants in the original action, and one defendant seeks indemnification via a cross-

claim.  Therefore, an indemnification cross-claim is not permitted here.

B.    Koch's Second Cross-Claim

Koch's second cross-claim states that,

if the plaintiff sustained the injuries and damages . . . set forth in the amended
complaint, and if it is found that [Koch] is liable to the plaintiff herein, then said
damages were sustained in whole or in part by reason of the negligence and/or
breach of warranty and/or contract by the aforesaid co-defendants and [Koch] is
entitled to contribution, apportionment and indemnification from and against the said
co-defendants . . . .

Def.'s Answer ¶ 75.  To the extent this cross-claim seeks indemnification as a result of

the negligence of Koch's co-defendants, the court dismisses it for the reasons

discussed supra.  Koch's additional claims based on breach of warranty "and/or" breach

of contract fail to state any factual allegation upon which probable claims can be based.

The court, therefore, dismisses this cross-claim for the additional reason that it fails to

state a claim upon which relief can be granted.

---

[3] These principles do not dispose of cross-claims based on theories of liability other than
negligence, such as breach of contract.  See Kyrtatas, 205 Conn. at 703.

## IV.  CONCLUSION

For the foregoing reasons, the court grants defendants' Motion to Strike (Doc.

No. 34) and dismisses Koch's first and second cross-claims.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of October, 2010.

             /s/ Janet C. Hall
             Janet C. Hall
             United States District Judge